**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Elizabeth La Marche,

Plaintiff,

v.

Alta Vista Boarding and Grooming LLC, et al.,

Defendants.

No. CV-26-02772-PHX-MTL

**ORDER**

The Court has considered Plaintiff's Motion for Default Judgment against Defendant Precision Employee Management LLC ("Precision"). (Doc. 27.) The Court will grant the Motion.

**I.**

This is an action for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and Arizona wage-and-hour law, A.R.S. § 23-350, *et seq*. The Complaint originally named multiple Defendants in addition to Precision, including Alta Vista Boarding and Grooming LLC, Alta Vista Veterinary Hospital LLC, Gerald Lee Jenkins, and Cynthia Loving Jenkins (the "Alta Vista Defendants"). (Doc. 1.) The Court dismissed the Alta Vista Defendants, so Precision is the sole remaining Defendant. (Doc. 30.)

Precision was served on April 30, 2026, and a certificate of service was filed. (Doc. 6.) Precision failed to appear and answer or otherwise respond to the complaint. The Clerk of Court entered default as to Precision. (Doc. 18) This Motion followed. (Doc. 27.)

Precision did not respond.

## II.

The Court has reviewed the Motion for Default Judgment and the entire record. Jurisdiction and venue are proper. The Court finds that Plaintiff has satisfied all service-of-process and notice requirements under the Federal Rules of Civil Procedure. Plaintiff has also satisfied the conditions for the entry of default and the entry of default judgment under Rule 55(a) and (b).

The Court considers the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). These factors, which are to be assessed when deciding whether default judgment is appropriate, include:

> (1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

The first, fifth, and sixth factors weigh in Plaintiff's favor. With respect to the first factor, denying default judgment would leave Plaintiff without a remedy because Precision chose not to appear and defend this case. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The fifth factor supports default judgment because "all well-pleaded facts in the complaint are taken as true[,] . . . [so] no genuine dispute of material facts would preclude granting" the motion. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. The sixth factor warrants entering default judgment because Precision was properly served under Federal Rule of Civil Procedure 4(e). *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

The fourth factor tips slightly in Plaintiff's favor. She seeks unpaid wages in the amount of $18,601.98, trebled under A.R.S. § 23-355 to $55,805.94. (Doc. 27 at 6, 8 (citing *Xalamihua v. GGC Legacy Janitorial Services LLC*, No. CV-23-00009-TUC-BGM, 2023

WL 8891393, at *4, *5-6 (D. Ariz. Dec. 26, 2023).) Plaintiff also seeks to recover her attorneys' fees and costs by filing a post-judgment motion under LRCiv 54.2. Factoring in the anticipated attorneys' fees, the amount requested is not trivial. However, this must be balanced against Precision's perceived attempt to avoid liability by not appearing. Furthermore, Plaintiff acknowledges that this amount will be offset by damages paid by the Alta Vista Defendants, (Doc. 27 at 10), and the Court observes that Plaintiff's Motion includes substantial documentation of her hours worked and W-2 wage and tax statements issued by Precision, (*see generally* Doc. 27-1).

The second and third *Eitel* factors, the merits of the claim and the sufficiency of the complaint, are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Viet. Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation modified). According to the Complaint's well-pleaded allegations, and reasonable inferences drawn from them, Plaintiff was placed by Precision as a veterinary technician and attendant for the Alta Vista Defendants. (Doc. 1 ¶¶ 13, 16-19.) She was an hourly employee and paid separately for her work as a veterinary technician and desk attendant. (*Id.* ¶¶ 21, 24.) The combined hours would have entitled her to overtime pay, but by splitting her paychecks Plaintiff was deprived of overtime pay. (*Id.* ¶¶ 20, 22, 26-28.) The complaint's factual allegations are substantiated by Plaintiff's declaration, attached to the Motion for Default Judgment. (Doc. 27-1.)

Under these facts, the Court finds that Plaintiff has stated claims under the FLSA and Arizona wage-and-hour law on which she can recover. Precision is liable as an "employer" under both applicable statutes because it is a "human resources outsourcing service[]" that "set Plaintiff's compensation and controlled her employment and the employment policies applicable to her, including compensation policies and practices." (Doc. 1 ¶ 13.) *See* A.R.S. § 23-350 (defining an "employer" as any individual or entity "employing any person"); *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (holding that a defendant is an "employer" for purposes of the FLSA if it

"(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records"); *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1031 (9th Cir. 2019) ("Under other state laws and the Fair Labor Standards Act, for example, the 'suffer or permit to work' definition typically applies when a staffing agency, as the primary employer, supplies employees to another entity or person.").The Complaint demonstrates that Precision violated both of the statutes by using the split-paycheck scheme, which resulted in a failure to timely pay wages and compensate Plaintiff for excess hours worked. The Court therefore finds that the second and third *Eitel* factors weigh in favor of Plaintiff.

After analyzing the *Eitel* factors, the Court finds that Plaintiff is entitled to a default judgment and the requested damages.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Precision Employee Management LLC (Doc. 27) is **GRANTED**. Judgement will be entered in Plaintiff's favor and against Defendant Precision Employee Management LLC as follows:

1. Plaintiff is awarded unpaid overtime wages in the amount of $18,601.98, less any settlement credit or other damages amount paid by Defendants Alta Vista Boarding and Grooming, LLC, Alta Vista Veterinary Hospital, LLC, Gerald Lee Jenkins and/or Cynthia Loving Jenkins (if any);

2. Plaintiff is awarded statutory damages in the amount of $37,203.96, less any settlement credit or other damages amount paid by Defendants Alta Vista Boarding and Grooming, LLC, Alta Vista Veterinary Hospital, LLC, Gerald Lee Jenkins and/or Cynthia Loving Jenkins (if any);

3. Plaintiff is entitled to attorneys' fees and costs in an amount to be determined by this Court upon application pursuant to LRCiv 54.2; and

4. Plaintiff is entitled to post-judgment interest on the above amounts at the statutory rate.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter a default judgment consistent with this Order. As Precision Employee Management LLC is the only remaining defendant, the Clerk of Court must close this case.

Dated this 22nd day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge